HUNT (MONTFORD v.). See Case No. 9,-725.

## Case No. 6,894.

### HUNT v. OLIVER et al.

[3 Chi. Leg. News, 123.]

Circuit Court, E. D. Michigan.   Jan. 10, 1871.

TESTIMONY IN EQUITY — ENLARGEMENT OF TIME FOR TAKING — NOTICE TO OPPOSITE PARTY—DEMURRER TO CROSS-BILL — STAY OF PROCEEDINGS IN ORIGINAL CASE.

[1. No enlargement of the time for taking testimony in equity before the master can be made unless notice of the application be given to the opposite party.]

[2. A demurrer to a cross-bill having been sustained, the motion of defendant to stay proceedings under the original bill will be denied.]

On motions of defendant Oliver as follows: First, to vacate an order extending time to take testimony, and referring it to a commissioner to take proofs and to compute amount due upon the bond and mortgage, and to set aside the report of John J. Speed, commissioner, made in pursuance of said order. Second, to stay proceedings in the cause until final determination of the matters in controversy upon the cross-bill filed therein.

A. Russell, for the motions.

D. B. & H. M. Duffield, contra.

LONGYEAR, District Judge. In this case the bill was filed to obtain the foreclosure of a mortgage executed by the defendants, David D. Oliver, and his wife Sarah Ann Oliver, to secure the payment of $35,000 and interest according to the condition of a bond executed by said David D. Oliver. The defendants David D. and Sarah Ann Oliver, appeared and put in their answer, admitting the execution and delivery of the bond and mortgage, but setting up certain facts and circumstances tending to show payment and satisfaction, in part at least, of the mortgage debt. Exceptions to the answer, for impertinence, were filed, and the same were referred to a master under the rules. The master's report upon the exceptions was made, and filed in due time, overruling the exceptions in part and sustaining them in part, and the report became absolute under rule 83. Replication to the answer was filed, and the cause was thus placed at issue, under rule 66, on the 19th day of November, 1869. No testimony was taken, or further proceedings had in the cause until the 12th day of July, 1870, when the order, which is the subject of the present motion, was entered, extending the time to take testimony two months, and referring it to John J. Speed, one of the masters of this court, as examiner, to take proofs in the cause, and to compute the amount due upon the bond and mortgage. The master's report under said order was filed August 22, 1870. Defendant's counsel appeared before the master and objected to the proceedings, but did nothing further upon the reference. No exceptions were taken to the master's report, and it therefore became confirmed by operation of rule 83, and cannot now be attacked unless the order under which it was made was invalid. We will, therefore, direct our attention to the order. By rule 69, it is provided that "three months and no more shall be allowed for taking of testimony after the cause is at issue, unless the court, or judge thereof, shall, upon special cause shown by either party, enlarge the time; and no testimony taken after such a period shall be allowed to be read at the hearing." This of course, implies notice to the opposite party of the application to obtain an enlargement of the time, and a hearing by the court. In other words it must be brought on and heard the same as any other special motion. This does not appear to have been done in the present instance, but the order appears to have been entered as of course, without any notice, cause shown, or hearing had. Again, rule 67 provides the manner of taking testimony in equity causes. It provides first for issuing commissions, filing of interrogatories and cross-interrogatories for the examination of witnesses, and second, by an amendment made by the supreme court in 1861, for the taking of testimony orally, as follows: "Either party may give notice to the other that he desires the evidence to be adduced in the cause to be taken orally," and thereupon all the witnesses to be examined shall be examined before one of the examiners of the court, or before an examiner to be specially appointed by the court," etc. This does not seem to have been complied with. Therefore, the order of July 12th, 1870, and the examination had under it, are absolutely void for non-conformity to the rules of this court above cited, and of course the report and all proceedings had under such order are void. It makes no difference that the bonds and mortgage are admitted by the answer. Other matters are set up by the

answer affecting the amount due upon the mortgage debt, upon which issue was taken, and the rules cited apply equally to all cases in which an issue has been formed. The motion to vacate the order of July 12th, 1870, and to set aside the report of John J. Speed, examiner, made under it, is granted. Second, the demurrer to the cross-bill filed in this cause having been sustained, the motion by defendants to stay proceedings in this cause is denied.

[See 109 U. S. 177, 3 Sup. Ct. 114, and 118 U. S. 211, 6 Sup. Ct. 1083, for other proceedings.]